(November 11, 1897.)

## IN RE BANK OF GENESEE v. DENNING.

[51 Pac. 406.]

INSOLVENCY—ATTORNEY'S FEES—TO WHOM ALLOWED BY THE COURT.— Costs incurred by the assignee of an insolvent estate in proceedings in insolvency, for reasonable and necessary attorney's fees incurred in protecting the insolvent estate, should be allowed to the assignee, on his application, and not to the attorney.

ASSIGNEE—DISTRICT JUDGE—CREDITORS.—Orders allowing attorney's fees for services rendered the assignee of an insolvent debtor, which are made upon ex parte application of the attorney by the district judge, either in open court or at chambers, are in violation of the rights of the creditors, and unauthorized.

JURISDICTION OF JUDGE AT CHAMBERS IN INSOLVENCY PROCEEDINGS.— A district judge has no jurisdiction at chambers to make an order allowing or fixing the compensation of an attorney for an assignee of an insolvent debtor whose estate is being settled by proceedings in insolvency.

(Syllabus by the court.)

APPEAL from District Court, Latah County.

J. T. Morgan and R. T. Morgan, for Appellant.

The client may change his attorney when he becomes satisfied that it is for the interest of the estate that he is managing, or when he is confident that it would be for his own interest to do so, in case the attorney is acting for the client in an individual capacity. (*Curtis v. Richards,* 4 Idaho, 434, 40 Pac. 57; Weeks on Attorneys, secs. 250, 267, and cases there cited; Mechem on Agency, sec. 856; *In re Herman,* 50 Fed. 517; *Ronald v. Association,* 30 Fed. 228; *Butchers' Union Slaughter House etc. v. Crescent City Livestock etc. Co.,* 41 La. Ann. 355, 6 South, 509; *Gardner v. Tyler,* 36 How. Pr. 63.) An order or judgment for fees of attorney cannot be made at chambers, but must be made in open court and upon application of the assignee for leave to pay, and this is true when the fund is in the hands of the court. The court must make an allowance which the auditor should pay when the court appoints an attorney to perform services. (*Baker v. Knox Co.,* 18 Ind. 170; *Wyant v. Pottorff,* 37 Ind. 512;

*Mathews v. Norman,* 42 Ind. 176; *State v. Boyd,* 85 Iowa, 740, 52 N. W. 513; *Hamilton v. Baker,* 91 Iowa, 100, 58 N. W. 1080; *Smith v. Bell,* 25 S. W. 725.) The allowance for attorney's fees is made to the assignee and not to the attorney directly, and is always made in open court upon application of assignee for approval of his account. (*Hobbs v. McLean,* 117 U. S. 567, 6 Sup. Ct. Rep. 870.)

S. S. Denning and Warren Truitt, for Respondents.

As to the law cited by counsel we take no issue, as earlier in this matter all of the fees had been allowed by the court and paid by the assignee, and no matter if we conceded that such a procedure may have been erroneous it was not void. (*Branch v. American Nat. Bank,* 57 Kan. 282, 46 Pac. 305.)

QUARLES, J.—The Bank of Genesee, a corporation, filed its petition in insolvency, and was, on the twenty-seventh day of November, 1895, by adjudication in the court below, declared to be insolvent. At a meeting of the creditors, John H. Gaffney, the appellant, was elected assignee of said insolvent; and he was thereafter, by order of the lower court made April 23, 1896, duly confirmed as such assignee, and required to execute an undertaking as such assignee in the sum of $5,000, which undertaking was thereafter given by said assignee. It appears from the record that said assignee employed the respondent S. S. Denning to act as his attorney. Said respondent performed services as attorney for the said assignee in various suits. Later it appears that the respondent Warren Truitt became associated with the respondent Denning as attorney for said assignee. It appears that the district court and the judge thereof, at chambers, between December 16, 1896, and May 17, 1897, made numerous orders allowing attorney's fees to the respondents for alleged services rendered to the assignee in the administration of the estate of the insolvent, the amounts varying from twenty-five dollars to $1,500, and aggregating $2,292.50, for services claimed to have been rendered within a period of six months. On June 14, 1897, the appellant, as said assignee, served on respondents, and filed in the district court in this proceeding, a notice of

change of attorneys, dismissing the respondents, and substituting for them Messrs. J. T. and R. T. Morgan. The appellant moved the court to set aside the various orders allowing the said attorney's fees against the appellant, as said assignee, on the following grounds, to wit: 1. The application for each and all of said orders were made without notice to appellant; 2. The said orders were made without the knowledge or consent of the appellant; 3. The fees charged and allowed were exorbitant and excessive; 4. That one of the fees allowed, in the sum of $1,500, was for services claimed to have been rendered the respondents in a certain case in the United States. circuit court, district of Idaho, northern division, was not within the control of the court below, the jurisdiction to fix said fee being vested solely in the said United States circuit court. The court heard the said motion, and made its order denying the said motion, from which this appeal is brought to this court.

It is difficult to imagine upon what theory the respondents and the honorable district judge assumed the authority to dissipate the assets of the insolvent estate by orders made by the district judge, either in court or at chambers, without notice to the assignee, and without any opportunity to the creditors to resist or protest against such unwarranted proceedings. The motion made by appellant to set aside said orders should have been sustained, on the ground that said orders were made without notice to the assignee and creditors who had appeared. The assignee and creditors of an insolvent estate which is being settled by a judicial proceeding under our statutes have some rights relative to the distribution of the assets of such insolvent estate, notwithstanding the views of the learned district judge and the respondents to the contrary. Assignees and receivers are entitled to necessary costs, including reasonable and necessary attorney's fees, incurred in the protection of the estate which has been intrusted to them. The claim for attorney's fees must be made through the assignee, the attorney looking to the assignee for his compensation, and is properly presented in the accounts of the assignee, and, like other items in his account, may be contested by creditors. Where it is necessary for an assignee of an insolvent estate to employ

an attorney, he should do so with the understanding on the part of both that the fee must be for necessary services, reasonable in amount, and subject to the control of the court when settling the accounts of the assignee.   It is the duty of the court to allow an assignee costs incurred necessarily, in the way of attorney's fees, in protecting the estate; but the court should first ascertain that the attorney's fees are necessary and reasonable.   While this question is before us, we deem it proper to suggest that where an assignee of an insolvent estate, or other fiduciary, employs an attorney in a number of cases, the fee should not be as large in any one case as it should be if there was only one case.

It appears by the application for writ of review, made to this court, in this insolvency proceeding, that the district judge, at chambers, in addition to the orders allowing fees heretofore mentioned, after appeal was perfected, allowed additional fees to the amount of $750, making the total allowance of attorney's fees to respondents, for services rendered within a period of six months, reach a grand total of $3,142.50. The last order named was, at this term of this court, annulled, for want of jurisdiction in the district judge to make such order at chambers.   (See *Gaffney v. Piper,* ante, p. 490, 51 Pac. 99.) It is not only proper, but the duty, of the assignee in presenting his accounts, to embrace therein such amount as he and the attorney may agree upon for services rendered, as a preferred claim against the estate, such item subject to contest by any creditor.   But, if the assignee and his attorney cannot agree on the amount of fee due the attorney, the assignee should fix the amount; but in either and all events the court should control the matter, and when the amount is to be changed, or a motion heard for that purpose, the court should fix a time and place to hear such motion, due notice of which should be given to the creditors who have appeared, and the matter determined in open court, where all parties interested are given an opportunity to be heard.   The assignee is selected by the creditors, and it is his duty to protect their interests by protecting the insolvent estate against loss as far as he can reasonably do so.

The fourth ground upon which appellant's motion is based is not tenable, as the accounts of the assignee, and every item

thereof, is under the control of, and to be settled by, our state district court. The order appealed from is reversed, and the proceeding is remanded, with directions to the lower court to sustain the motion of appellant, and to set aside each and all of the orders named in the motion of appellant, and for further proceedings consistent with the views herein expressed. The cost of this appeal is awarded to appellant.

Sullivan, C. J., and Huston, J., concur.

## ON REHEARING.

### (December 9, 1897.)

SULLIVAN, C. J.—This is a petition for rehearing. It appears that a motion was made in the lower court to set aside and annul certain orders made allowing compensation for legal services to the attorneys for the assignee, and to readjust and fix such compensation, and to allow a certain offset. It is contended that the opinion heretofore rendered in this case proceeds upon the theory that said motion was denied, when, as a matter of fact, it was granted, and the compensation readjusted and fixed. To ascertain whether this contention is well founded, we must refer to the order of the court made on said motion, and the notice of appeal therefrom. The order made on the hearing of said motion states as follows: "Wherefore, the court being fully advised in the premises, both as to the law and to the facts in this case, it is hereby ordered that the motion of the assignee to annul and set aside its order of June 9, 1897, granting to S. S. Denning and Warren Truitt the sum $1,500 for professional services, be, and the same is hereby, overruled, and that said order shall stand." It appears from that order that the motion to annul and set aside was denied. The appeal was taken from said last-mentioned order, and states that said assignee "appeals to the supreme court of the state of Idaho from the order of said court, made and entered on the nineteenth day of June, 1897, in favor of S. S. Denning and Warran Truitt, and overruling said assignee's motion to set aside the order made and entered on the ninth day of June, 1897." Thus, it is shown that the court entered an order denying appellant's motion to set aside certain orders, and that the appeal was taken from that order.

The appeal was not taken from an order readjusting or refixing said compensation. The court absolutely refused to set aside the orders complained of by appellant, and, until said orders are set aside, no readjustment of said compensation could be had. While it is true some testimony was taken on the hearing of said motion to set aside, etc., said motion was overruled. The petition for rehearing must be denied, and it is so ordered.

Huston and Quarles, JJ., concur.