(November 11, 1897.)

## GAFFNEY, ASSIGNEE, v. PIPER, JUDGE.

[51 Pac. 99.]

JURISDICTION—JUDGE AT CHAMBERS.—The district judge at chambers has not jurisdiction to pass upon and make an order allowing claims for attorney's fees against an insolvent state.

(Syllabus by the court.)

Original proceeding by writ of review.

J. T. Morgan and R. T. Morgan, for Plaintiff.

The Bank of Genesee was, on November 27, 1895, duly adjudged an insolvent debtor. On January 23, 1896, the plaintiff herein was elected assignee of said insolvent, and on April 23, 1896, was confirmed as such assignee and duly qualified on April 29, 1896. From the time the plaintiff herein took charge of said estate and up to June 10, 1897, S. S. Denning acted as attorney for the assignee. This case coming up on *certiorari*, the inquiry should be confined to the consideration of the authority of a judge at chambers to make original orders wherein a question of fact arises as to whether or not certain sums of money are claimed to be due from one party to another. In short, the question to be determined is, Did the judge exceed his jurisdiction? (Rev. Stats., sec. 3890.) The orders made by the honorable judge at chambers in this pretended hearing are for the payment of money on an implied contract, and as to whether or not amounts are due or the charges reasonable are questions which a jury might de-

termine. The orders or findings are in the nature of judgments in payment of services alleged to have been rendered, and the remedy for recovery is by *assumpsit* or on *quantum meruit.* In actions for recovery of money, as upon contract, an issue of fact must be tried by a jury unless expressly waived by the parties thereto in writing. (1daho Rev. Stats., sec. 4369; *Bond v. Pacheco,* 30 Cal. 553; *Norwood v. Kenfield,* 34 Cal. 331; *Wicks v. Ludwig,* 9 Cal. 175.)

· S. S. Denning and Warren Truitt, for Defendants.

The case having been commenced in court, and the parties having stipulated in open court to try the same before the judge at chambers, the entry is not void. (*People v. Lindsay,* 1 Idaho, 394; *Ex parte Burnett,* 44 Cal. 84; *City of San Jose v. Shaw,* 45 Cal. 178; *Densmore v. Smith,* 17 Wis. 24; *Walwarth County v. Farmers' etc. Co.,* 22 Wis. 231; *Andrews v. Eldrerkin,* 24 Wis. 521.) The same rule also applies in the United States court (*Doggett v. Emerson,* Fed. Cas. No. 3962; *Beach v. Beckworth,* 13 Wis. 21; *Lewis v. Lewis,* 1 Minor (Ala.), 35; *King v. Green,* 2 Stew. (Ala.), 133, 19 Am. Dec. 46; *New Orleans v. Gauthoreaux,* 32 La. Ann. 1126; *Rust v. Faust,* 15 La. Ann. 477; *Morrison v. Citizens' Bank,* 27 La. Ann. 401; *Green v. Reagan,* 32 La. Ann. 974.) Appeal is the remedy, and not *certiorari,* in the state of Idaho. (*People v. Lindsay,* 1 Idaho, 394; Idaho Const., art. 5, sec. 9.) This was neither a trial nor a hearing of an order proper, but was simply a summary proceeding in the nature of costs, and which the judge of the court had at chambers as well as in court. (*Branch v. American Nat. Bank,* 57 Kan. 282, 46 Pac. 505.)

HUSTON, J.—Gaffney was appointed assignee of the Bank of Genesee, an insolvent debtor, under the statutes of Idaho. S. S. Denning, Esq., and Warren Truitt, Esq., it would seem by the request of the assignee, appeared in certain matters before the courts on behalf of said assignee and the estate of insolvent. No regular appointment seems to have been made of an attorney by the assignee; but that certain services were rendered by Denning and Truitt is conceded. But it seems that Denning and Truitt, ignoring the assignee, presented

their claims for services directly to the judge at chambers, and that the judge allowed the same, without any notice to the assignee, and without, so far as the record shows, any knowledge on his part. Where the honorable judge of the district court finds warrant for such action is entirely beyond our comprehension. It is unknown to the statutes or to any insolvency or bankrupt proceedings we ever heard or read of. If a district judge, in an *ex parte* proceeding at chambers, without notice to or knowledge by the assignee of an insolvent debtor, to the total abnegation of the rights of both the assignee and the creditors, can arbitrarily fix the liability of the assignee, the position of both the assignee and the creditors would be pitiable indeed. The action of the district judge in allowing the claims mentioned in the petition being without authority, the same is annulled. Costs of this proceeding awarded to plaintiff.

Sullivan, C. J., and Quarles, J., concur.